UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| JENNIFER SCOTT,<br>**Individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PORTFOLIO RECOVERY ASSOCIATES, L.L.C.**<br><br>**Defendant.** | Civil Action No. <u>2:20-cv-00267</u><br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Jennifer Scott ("Plaintiff" or "Scott"), brings this action individually and on behalf of all current and former hourly call-center employees (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members") who worked for Portfolio Recovery Associates, L.L.C. ("PRA" or "Defendant"), at any time from May 28, 2017 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*

### I.
### OVERVIEW

1.  This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2.  Plaintiff and the Putative Class Members are those similarly situated persons who have worked for PRA in call centers throughout the United States at any time from May 28, 2017 through

the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3. Specifically, PRA enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. PRA's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. PRA knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seeks to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Jennifer Scott ("Scott") was employed by PRA during the relevant time period. Plaintiff Scott did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

11. The FLSA Collective Members are those current and former hourly call-center employees who were employed by PRA, anywhere in the United States, at any time from May 28, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Scott worked and was paid.

12. Defendant Portfolio Recovery Associates, L.L.C. ("PRA") is a Domestic Limited Liability Company, licensed to and doing business in the State of Virginia, and can be served through its registered agent: **Corporation Service Company, 100 Shockoe Slip 2nd Floor, Richmond, VA 23219-4100.**

## III.
## JURISDICTION & VENUE

13. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

14. This Court has personal jurisdiction over PRA because the cause of action arose within this District as a result of PRA's conduct within this District and Division.

15. Venue is proper in the Eastern District of Virginia because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16. Specifically, PRA's corporate headquarters are located in Norfolk, Virginia, which is located in this District and Division.

---

[1] The written consent of Jennifer Scott is hereby attached as Exhibit "A."

17. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

18. Portfolio Recovery Associates, L.L.C. is a debt collection company and operates several call centers throughout the United States.[2]

19. Plaintiff and the Putative Class Members' job duties consisted of making and answering phone calls made by debtors, and would attempt to collect on these outstanding debts.

20. Plaintiff Scott was employed by PRA in customer service in Hampton, Virginia from approximately November 2017 until February 2020.

21. Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

22. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

23. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to five (5) hours "off-the-clock" per week and have not been compensated for that time.

24. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for PRA as a result of PRA's corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

25. Specifically, Plaintiff and the Putative Class Members are required to start and log-in to their computer, open multiple different PRA computer programs, log in to each PRA program, and ensure that each PRA program is running correctly—all of which can take up to twenty-five minutes—

---

[2] https://www.portfoliorecovery.com/prapay/help/faqs.

before they allowed to clock in on the time keeping software application and then take their first phone call.

26. If Plaintiff and the Putative Class Members are not ready and on the phone at shift start they can be subject to discipline.

27. If Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

28. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock."

29. During this start up time, Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

30. PRA provides the Plaintiff and the Putative Class Members with one unpaid lunch break per shift.

31. However, PRA requires the Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid lunch break.

32. Plaintiff and the Putative Class were required to stay on the clock and on call until the minute their lunch break began, clock out, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for lunch.

33. Plaintiff and the Putative Class Members were required to log back into their computer, log back into the phone system, then clock in, and be back on the phone right at the moment their lunch break ends.

34. The log off process used prior to going to lunch can take 1-3 minutes.

35. The log in process used after returning from lunch can take 1-3 minutes.

36. This lengthy log off and log in procedure had to be performed during Plaintiff and the Putative Class Members' lunch break per PRA policy.

37. Further, Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

38. Plaintiff and the Putative Class Members were also not compensated for the time they worked for PRA rebooting PRA's computers after they crashed.

39. Plaintiff and the Putative Class Members were always scheduled to work exactly forty (40) hours each week.

40. Plaintiff and the Putative Class Members were (and still are) not permitted to hang up on customers and must finish every call regardless of how long it takes.

41. Plaintiff and the Putative Class Members frequently found (and continue to find) themselves handling calls past the end of their shift end time on the last day of the week.

42. This call would cause Plaintiff and the Putative Class Members to go over their forty (40) hour work shift in one week. However, PRA would shave that time off and not pay Plaintiff and the Putative Class Members any overtime.

43. In addition, PRA also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiff and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

44. PRA permitted Plaintiff and the Putative Class Members to take two ten-minute breaks each day but required them to clock out for any and all breaks taken outside the two ten-minute breaks.

45. As a result of PRA's corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid lunch break, and requiring Plaintiff and the Putative Class Members to clock out for short breaks, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

46. PRA has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

47. PRA is aware of their obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

48. Because PRA did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, PRA's pay policies and practices violate the FLSA.

## V.
## CAUSE OF ACTION

**A.    FLSA COVERAGE**

49. Plaintiff Scott incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

50. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY PORTFOLIO RECOVERY ASSOCIATES, L.L.C., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MAY 28, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members")**

51. At all times hereinafter mentioned, PRA has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

52. At all times hereinafter mentioned, PRA has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

53. At all times hereinafter mentioned, PRA has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

54. During the respective periods of Plaintiff and the FLSA Collective Members' employment by PRA, these individuals have provided services for PRA that involved interstate commerce for purposes of the FLSA.

55. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

56. Specifically, Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of PRA who assisted PRA by calling debtors and collecting on outstanding debts throughout the United States. 29 U.S.C. § 203(j).

57. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

58. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 50.

59. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of PRA.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

60. PRA has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

61. Moreover, PRA knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

62. PRA is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

63. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted PRA to pay them according to the law.

64. The decisions and practices by PRA to not pay for all hours worked and the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

65. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

66. All previous paragraphs are incorporated as though fully set forth herein.

67. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of PRA's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

68. Other similarly situated employees of PRA have been victimized by PRA's patterns, practices, and policies, which are in willful violation of the FLSA.

69. The FLSA Collective Members are defined in Paragraph 50.

70. PRA's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of PRA, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

71. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

72. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

73. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

74. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

75. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and PRA will retain the proceeds of its rampant violations.

76. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

77. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 50 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

78. Plaintiff respectfully prays for judgment against PRA as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 50 and requiring PRA to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding PRA liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit)

    d. For an Order awarding the costs and expenses of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Scott a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of PRA, at PRA's expense; and

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: May 28, 2020      Respectfully submitted,

By: */s/ Zev H. Antell*
**Harris D. Butler, III** (VSB No. 26483)
**Zev H. Antell** (VSB No. 74634)
**BUTLER ROYALS, PLC**
140 Virginia Street, Suite 302
Richmond, Virginia
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: harris.butler@butlerroyals.com
       zev.antell@butlerroyals.com

**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and Putative Class Members*