IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JENNIFER SCOTT, Individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, L.L.C.,<br>    Defendant. | Civil Action No. 2:20CV267 (RCY) |

**FINAL ORDER AND JUDGMENT**

WHEREAS, Plaintiffs Jennifer Scott, Danny Lynn Jones, Delanie Butler, Tiarra Poteat, Pakisha Streater, Mary Bunker, Johnny Tabor, Jr., and Rhiannon Allen ("Representative Plaintiffs") and Defendant Portfolio Recovery Associates, L.L.C. entered into a Collective and Class Action Settlement Agreement (the "Agreement");

WHEREAS, on April 8, 2021, the Court entered an Order that, among other things, (a) preliminarily certified, pursuant to Federal Rule of Civil Procedure 23, a class action for the purposes of settlement only; (b) approved the form of notice to Class Members, and the method of dissemination thereof; (c) directed that appropriate notice of the settlement be given to the Class; (d) approved the settlement as to the FLSA collective; and (e) set a hearing date for the settlement fairness hearing. ECF No. 63.

WHEREAS, the notice to the Class ordered by the Court in its Order has been provided, as attested to in the Declaration of Abigail Schwartz, filed with the Court on October 4, 2021. (ECF No. 71-1.)

WHEREAS, on October 13, 2021, a hearing was held on whether the settlement set forth in the Agreement was fair, reasonable, adequate, and in the best interests of the Class, such a

hearing date being a due and appropriate number of days after such notice to the Class;

NOW THEREFORE, having reviewed and considered the submissions presented with respect to the settlement set forth in the Agreement and the record in these proceedings, having heard and considered the evidence presented by the parties and the argument of counsel, having determined that the settlement set forth in the Agreement is fair, reasonable, adequate, and in the best interests of the Class, and noting that, as set forth in the Agreement, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1. The Court incorporates by reference the definitions set forth in the Agreement, with the exception of the definition of "Representative Plaintiffs," which has been revised to exclude Marcial Rivera and now means Plaintiffs Jennifer Scott, Danny Lynn Jones, Delanie Butler, Tiarra Poteat, Pakisha Streater, Mary Bunker, Johnny Tabor, Jr., and Rhiannon Allen ("Representative Plaintiffs"). The Court finds that Representative Plaintiffs fairly and adequately represent the Class Members.

2. The Court has personal jurisdiction over all Representative Plaintiffs, Collective Members, Class Members, and Marcial Rivera, and has subject matter jurisdiction over all claims asserted in the Second Amended Complaint. In addition, venue in the Eastern District of Virginia is proper.

3. The Agreement is approved as fair, reasonable, and adequate, consistent and in compliance with the applicable provisions of the United States Constitution and the Federal Rules of Civil Procedure, and in the best interest of the Class. The Agreement is binding on, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Agreement and the Release maintained either by or on behalf of Representative Plaintiffs and all other Settlement Class and Settlement Collective Members, as

well as their past, current, and future heirs, representatives, executors, administrators, attorneys, predecessors, successors, and assigns.

4. The Class and Collective Notice provided pursuant to the Agreement and the Order Granting Preliminary Approval of Class Settlement:

    (a) Constituted the best practicable notice, under the circumstances;

    (b) Constituted notice that was reasonably calculated to apprise the Class Members of the pendency of this lawsuit, their right to object or exclude themselves from the proposed settlement, and to appear at the Fairness Hearing;

    (c) Was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

    (d) Met all applicable requirements of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution because it stated in plain, easily understood language the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through an attorney if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on members under Rule 23(c)(3).

5. For settlement purposes only, that the Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23(a) and (b)(3).

6. The Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it is fair, adequate, and reasonable to those it affects, and resulted from vigorously contested litigation, including meaningful discovery, motion practice, and extensive good-faith arm's length negotiations between the parties. Accordingly, the Court

APPROVES the class settlement.

    7. The Agreement is fair considering the following factors:

        (1) the extent of discovery that has taken place;

        (2) the stage of the proceedings;

        (3) the absence of fraud or collusion in the settlement;

        (4) the experience of counsel who have represented the plaintiffs;

        (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and

        (6) the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

    8. The Agreement is adequate, considering the following factors:

        (1) the relative strength of the plaintiffs' case on the merits;

        (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial;

        (3) the anticipated duration and expenses of additional litigation;

        (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment; and

        (5) the degree of opposition to the settlement.

    9. Class Counsel and the Representative Plaintiffs adequately represented the Class for purposes of entering into and implementing the settlement.

    10. The Individual Settlement Agreement between Marcial Rivera and Defendant, attached as Exhibit C to the Memorandum in Support of Final Approval, is hereby approved as it provides for the fair, reasonable, and adequate resolution of a bona fide dispute. This Individual Settlement Agreement will have *res judicata* and preclusive effect in all pending and future lawsuits or other

proceedings encompassed by the Individual Settlement Agreement.

11. The Court authorizes the inclusion in the class of those individuals who returned their Claim Forms after the August 19, 2021, deadline, and further authorizes the inclusion of the individual who returned an incomplete consent form that was later cured after the August 19, 2021 deadline.

12. Class Counsel's requested fees and expenses under the Agreement, and as set out in their Motion for Fees and Costs (ECF No. 72), are fair and were reasonably and necessarily incurred.

13. The Enhancement Payments of $2,500 (as set forth in the Agreement, to compensate Representative Plaintiffs for their unique services in initiating and/or maintaining this litigation), are approved for Representative Plaintiffs Jennifer Scott, Danny Lynn Jones, Delanie Butler, Tiarra Poteat, Pakisha Streater, Mary Bunker, Johnny Tabor, Jr., and Rhiannon Allen. No Enhancement Payment is approved for Marcial Rivera as he has settled his claims individually against Defendant.

14. Rust Consulting, Inc.'s expenses for administering the Settlement, including the distribution of Notice and the settlement funds, are reasonable and are approved.

15. Nothing relating to this Order, or any communications, papers, or orders related to the Agreement, shall be cited to as, construed to be, admissible as, or deemed an admission by Defendant or the Defendant Releasees of any liability, culpability, negligence, or wrongdoing toward the Representative Plaintiffs, Collective Members, Class Members, or any other person, or that class action certification is appropriate in this or any other matter. There has been no determination by any Court as to the merits of the claims asserted by Representative Plaintiffs against Defendant or as to whether a class should be certified, other than for settlement purposes only. Furthermore, nothing in the parties' Agreement shall be cited to as, construed to be,

admissible as, or considered any form of waiver of any alternative dispute resolution agreements, provisions, or policies by Defendants or Defendant Releasees.

16. In consideration of the consideration paid under the Agreement, and for other good and valuable consideration, each of the Settlement Class Members and Settlement Collective Members shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims against Defendant in accordance with the terms of the Agreement.

17. In the event that the Final Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, and without prejudice to the status quo ante rights of Plaintiffs, Collective Members, Class Members, and Defendant.

18. The Court has approved the filing of the Second Amended Complaint. Any alteration to the terms of the collective settlement as a result of the amendment to the complaint is approved by the Court. The Court, on April 8, 2021, approved the collective settlement as memorialized in the Settlement Agreement. The collective settlement is further approved to incorporate any and all changes made as a result of the Second Amended Compliant. The Court APPROVES the collective settlement and amendments as they relate to the settlement of a collection action pursuant to 29 U.S.C. § 216(b).

19. All Class Members and/or their representatives who have not been excluded from the Class are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining, intervening in, participating in (as class/collective members or otherwise), or receiving any benefits from any other lawsuit (including putative class/collective action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that encompasses or are duplicative of Released State Claims.

20. All Collective Members and/or their representatives who have opted into the Collective are permanently barred and enjoined from bringing, filing, commencing, prosecuting, maintaining,

intervening in, participating in (as class/collective members or otherwise), or receiving any benefits from any other lawsuit (including putative class/collective action lawsuits), arbitration, administrative, regulatory, or other proceeding, order, or cause of action in law or equity in any jurisdiction that encompasses or are duplicative of Released Federal Claims.

21. The Court retains jurisdiction over all proceedings arising out of or related to the Agreement.

22. This consolidated lawsuit (including all individual claims, Collective claims, and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party, except as provided above and/or in the Agreement.

It is so ORDERED.

                                                                 /s/ _____
                                                                 Roderick C. Young
                                                                 United States District Judge

Richmond, Virginia
Date: December 3, 2021